**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 95-5557

DOMA MARIE NEWKIRK,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-34)

Submitted: December 19, 1995

Decided: April 22, 1996

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, J. Frank Bradsher, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to Doma Newkirk's plea of guilty to violating 18 U.S.C. § 513(a) (1988), the district court entered a judgment order sentencing her to fourteen months incarceration and a period of supervised release, and also ordering her to pay restitution of $12,657.97. On appeal, Newkirk challenges the restitution order on the ground that the district court failed to consider her ability to pay restitution as required by 18 U.S.C. § 3664(a) (1988). Because Newkirk failed to object to the restitution order at sentencing, we review the order for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). To reverse for plain error, we must find (1) an error, (2) which is plain, meaning obvious or clear under current law, (3) which affects substantial rights--meaning that it is so prejudicial as to affect the outcome of the proceedings in the district court, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1277.

Our review of the record in this case discloses no error affecting substantial rights. Although the district court did not render independent findings regarding Newkirk's ability to pay the restitution ordered, it satisfied its duty by explicitly adopting a presentence report ("PSR") which contained an adequate basis for the court's order. Id. at 1277. The PSR in this case reflects that Newkirk has an eleventh grade education, a high school equivalency degree, and has even completed some college course work. Moreover, she is a certified AIDS/HIV counselor, and has employment experience in that capacity. Finally, the PSR reflects that she has no financial liabilities.

Given the information in the PSR, the district court could properly conclude that Newkirk was capable of paying $12,657.97 in restitution over a period of three years. Moreover, we note that Newkirk did not even attempt to present any argument in support of her burden to prove her inability to pay restitution. See id. at 1277 n.9. Rather, when expressly asked by the district court whether she had any objections to the PSR's order of restitution, Newkirk explicitly said "no."

Accordingly, the district court's judgment order is affirmed. We dispense with oral argument because the facts and legal contentions

2

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3